AO 91 (Rev 8/01) Criminal Complaint

# United States District Court

United States District Court
Southern District of Texas
FILED
NOV 16 2014
David J. Bradley, Clerk

__SOUTHERN__ DISTRICT OF __TEXAS__
McAllen Division

UNITED STATES OF AMERICA
V.
**Karla VALDEZ**
A202 133 003
YOB: 1981
COC: United States
<sub>Name and Address of Defendant</sub>

## CRIMINAL COMPLAINT
Case Number: M-14-2183-M

I the undersigned complainant, state the following is true and correct to the best of my knowledge and belief. On or about __November 14, 2014__ in __Hidalgo__ County, in the __Southern__ District of __Texas__ defendant(s) did,

knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law and brought the alien for the purpose of commercial advantage or private gain,

in violation of Title __8__ United States Code, Section(s) __1324(a)(1)(A)(ii) & 1324(a)(2)(B)(ii)__
I further state that I am a(n) __Customs and Border Protection Officer__ and that this complaint is based on the following facts:

On 11/14/2014, Karla VALDEZ, a citizen of the United States and driver of the vehicle, attempted to bring into the United States through the Pharr, Texas Port of Entry, minor J.M.R. (6 years old), a Mexican Citizen, as a United States Citizen. The defendant was accompanied by two boys, and in an attempt to deceive CBP Officers, she claimed them as her sons. As proof, she presented two City of McAllen, Texas birth certificates for them. One for her true 13 year old son, and the second bearing the name J.E.H. for J.M.R. The primary officer attempted to interview the children, but as the older boy was answering all his questions, they were referred to secondary for further inspection.

During initial interview in secondary, the defendant claimed the children lived with her in Pharr and that they had gone to school earlier in the day. The officer asked the child if he had gone to school and what his name was, and he responded that he had not gone to school and gave his true name as J.M.R.

Once confronted with this information, the defendant admitted to not knowing the child's name and that he did not have documents to enter the United States. The defendant further claimed a friend of hers named Vanessa Hernandez had propositioned her to bring the child into the United States and that she had initially said no. Later, she claims to have received a second call, this time from the child's mother and all three agreed to meet at an H.E.B. in McAllen. The defendant claims to be in need of money, and therefore agreed to bring the child for $500 (U.S.) dollars which were paid to her. At approximately 4:30 on Friday, the defendant and one of her sons went to Reynosa, picked up the child, and attempted to return to the United States.

Continued on the attached sheet and made a part of this complaint: [X] Yes [ ] No

/s/ Signature of Complainant

Sworn to before me and subscribed in my presence,

**Gaston Trevino**
Printed Name of Complainant

Approved By: **J. Leo**

**November 16, 2014**  4:06 pm  at  **McAllen, Texas**
Date                                            City and State
**Peter E. Ormsby**
**U.S. Magistrate Judge**
Name and Title of Judicial Officer           Signature of Judicial Officer

Attachment A

During a pat-down of the defendant, she was found to be in possession of a Mexican birth certificate belonging to a young female child (7 year old). When was asked about it, she claimed the unknown lady she had met with J.M.R. had given it to her for the child's mother.

When the defendants son, R.A.V. was asked about the Mexican birth certificate, he stated the document belong to a girl his mother had crossed into the United States.

A telephone number for J.M.R's mother was provided by the defendant, and contact was established. Later Rosa MARTINEZ-Ramirez arrived at the port and claimed J.M.R. as her son. MARTINEZ also identified the defendant as the lady she had turned her son over too in front of the Golden Hotel in Reynosa, and to have paid the defendant $700 (U.S.) dollars for the smuggling attempt. MARTINEZ was asked about her daughter's birth certificate, and where her daughter was. MARTINEZ said that the defendant had crossed her daughter two or three week ago, and that she had paid the defendant $1,200 (U.S.) dollars. She further claimed her daughter was currently living in the United States with the child's father. When all questions ~~seized~~ ceased, J.M.R. and his mother were returned to Mexico.